In the Matter of the Application of THE COMMON COUNCIL OF THE CITY OF MIDDLETOWN, Respondent, for the Appointment of Commissioners to Estimate and Assess the Expenses and Damages of and Caused by the Construction of the East Side Trunk Sewer in Said City, and to Apportion and Assess the Cost and Expenses Thereof upon the Property Benefited.

GERTRUDE B. CORWIN and Others, Appellants.

Second Department, March 5, 1920.

Municipal corporations — assessment for expense of sewer in city of Middletown — acts of common council confirmed by statute — method of levying assessment — when commissioners should not be appointed by court.

The act of the common council of the city of Middletown in authorizing and constructing a sewer which was partly within and partly without the city limits and which was completed and in operation in the year 1916 was ratified and confirmed by chapter 485 of the Laws of 1918, subsequently enacted, which statute authorized the common council to determine whether one-half or a less proportion of the cost of construction should be borne by the city, which was authorized to be paid from the city treasury, or by the issue of bonds; and gave to the common council power to assess the cost of the remainder upon property owners in such proportion as they may be found to be benefited thereby pursuant to law and the city charter.

The levy of assessment for such sewer should be made under section 119 of the city charter which authorizes the common council to fix the area of assessment and to issue a warrant to the commissioner of assessment and taxation directing him to levy and collect the assessment so made. The assessment should not be made under sections 111 and 113 of the charter which provide for commissioners to be appointed by the court.

Especially should such manner of assessment be adopted when there is no allegation of a difference or dispute with a property owner and the sewer has been completed and in operation for nearly three years so that the city is in possession of the necessary property and rights of way and there is no one who makes a claim for damage.

APPEAL by Gertrude B. Corwin and others from an order of the County Court of the county of Orange, entered in the office of the clerk of said county on the 4th day of April, 1919, denying a motion to dismiss the proceeding herein, and granting an application for the appointment of commissioners to estimate and assess the expenses of a sewer constructed in the city of Middletown and to determine what real estate will be benefited by such improvement.

*John C. R. Taylor,* for the appellants Gertrude B. Corwin and Corwin E. Sayer.

*John Bright* [*Elbert N. Oakes* with him on the brief], for the appellants Thomas Watts and others.

*Abram F. Servin, Corporation Counsel,* for the respondent.

PER CURIAM:

The interest of the appellants is not stated clearly in the papers, but they were parties to the application before the County Court and their appearance is recited in the order appealed from and their answers and objections were considered and decided by the court. It seems to us that the objections of the appellants to the action of the common council in constructing the sewer and the criticisms upon the power of that body to authorize a sewer which was for a portion of its course outside the city limits are answered by the act of the Legislature. (Laws of 1918, chap. 485.) The sewer was authorized in 1913; it was completed and in operation in 1916. In 1918 the Legislature by the statute referred to authorized the common council of the city of Middletown to vote upon the question whether one-half or a less proportion of the cost of constructing this completed sewer should be borne by the city, and in case it was so determined the proportion of the cost so put upon the city was directed to be paid from the city treasury or by the issue of bonds, and as to the balance

of the cost the direction is that the common council shall " assess the remainder upon the property owners in such proportion as they may be found to be benefited thereby, pursuant to law and the charter of said city." So far as the power of the city to act and the regularity of its action are concerned these matters seem to be confirmed by the act of 1918. It authorizes the city to pay one-half of the cost if the common council so decides, and to assess the remaining one-half upon the property owners. All questions as to the method of originating the improvement, as to the construction of the sewer through private lands or outside the limits of the city, are settled by this law.

The charter of the city of Middletown (Laws of 1902, chap. 572) provides two methods of levying assessments for sewers, *first,* under sections 111 and 113 by commissioners appointed by the court; *second,* under section 119 by the common council who are authorized to fix the area of assessment and to issue a warrant to the commissioner of assessment and taxation directing him to levy the assessments so made. The practical difference between the two methods seems to be that under sections 111 and 113 the commissioners appointed by the court determine what property is benefited and levy the assessment, while under section 119 the common council determines the area benefited and the commissioner of assessment and taxation levies the assessment. Under sections 111 and 113 the assessment is payable in one sum. Under section 119 it may be divided into five annual installments.

The appellants argue that section 119 furnishes a complete and exclusive method of levying the assessments in the case of this particular improvement. The corporation counsel refers to the language of section 119 as limiting the power of the common council to cases where an assessment has been previously levied and apportioned, as he contends by commissioners appointed under the provisions of sections 111 and 113. (See Laws of 1911, chap. 699, amdg. charter, §§ 111, 119; and Laws of 1912, chap. 415, amdg. charter, § 119, subd. 1.)

We do not so interpret the charter provisions. It may be that the common council might have instituted proceedings and obtained confirmation of the report of commissioners

before constructing the sewer.  This appears to be the intention of the Legislature in providing this method of assessment by commissioners appointed by the court, because it is provided in section 118 that in such cases the improvements cannot be made until the report of the commissioners is confirmed.  The language of the charter is: "After the report of the commissioners shall be confirmed, as aforesaid, the report shall be delivered to the common council, who shall then be authorized to cause such improvements to be made."  It is difficult to see how this procedure can be made the basis of the assessment in this particular case, because this sewer had been completed and was in operation for nearly three years before the proceeding was instituted.  Certainly the petition upon which the appointment of the commissioners was made contains no averment of fact justifying such *nunc pro tunc* proceedings in a matter affecting taxation.  There is no allegation of difference or dispute with a property owner; the sewer is an accomplished fact and has been in operation for nearly three years. The city must be in possession of all the necessary property and rights of way.  There is nothing in the petition to warrant the appointment of commissioners to estimate and assess damages sustained by any one by reason of the improvement; there is no allegation that any one has been damaged or makes claim for damage.

On the other hand, the procedure provided in section 119 of the charter appears to be applicable to the situation.  It is there provided that whenever the common council shall cause a sewer to be built (which is the case here) either upon application or upon their own motion (this sewer was constructed upon application of the board of health), they (the common council) shall ascertain the expense of such improvement including any sum paid or agreed to be paid by the said city, or the common council, for any easement or right of way, and shall fix the limit or district of assessment beyond which the assessment therefor shall not be extended.  Then follows a direction that the common council shall cause a warrant to be issued to the commissioner of assessment and taxation of said city, directing him to assess the said amount after deducting the proportion, if any, which shall have been ordered to be paid out of the city treasury, upon the real estate bene-

Second Department, March, 1920. [Vol. 191.

fited, and the commissioner of assessment and taxation is authorized to make the assessment. Provision is made for review of such assessment by the common council upon objection made and for final confirmation of the assessment which shall be a lien upon the premises assessed, collectible as taxes are collected. Here is a workable plan of assessment and collection of the amount necessary to pay for the improvement, and it seems to exactly fit the situation.

And in the act of 1918 the direction is that the common council shall " assess the remainder " (after deducting the portion of cost charged to the city at large) " upon the property owners in such proportion as they may be found to be benefited thereby, pursuant to law and the charter of said city." The direction in the statute is not that the assessment shall be made by a commissioner or commissioners, but by the common council. "And said council is in that event authorized to pay one-half or a less proportion of such expense from the city treasury, or issue bonds therefor, and assess the remainder upon the property owners." The words " pursuant to law and the charter of said city," do not affect the preceding direction that the common council shall assess.

We think, therefore, that the cost and expense of constructing this sewer must be ascertained and levied and collected under the provisions of section 119 of the city charter, and that the motion to dismiss this proceeding should have been granted by the learned county judge.

The order appealed from is reversed, with ten dollars costs and disbursements to each appellant appearing and filing a brief, and the proceedings are dismissed, without costs.

Present — Mills, Rich, Putnam, Blackmar and Kelly, JJ.

Order of the County Court of Orange county reversed, with ten dollars costs and disbursements to each appellant appearing and filing a brief, and proceedings unanimously dismissed, without costs.